Ira S. Lipsius (IL 5704)
SCHINDEL, FARMAN, LIPSIUS,
GARDNER & RABINOVICH LLP
14 Penn Plaza, Suite 500
New York, New York 10122
212-563-1710
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AMERICAN GENERAL LIFE INSURANCE             Civil Action No.
COMPANY,                                     08-Civ-6813

        Plaintiff.

   -against-                                       **ANSWER**

DIANA SPIRA 2005 IRREVOCABLE LIFE
INSURANCE TRUST, AARON AZRYLEWITZ,
as Trustee, and SIMON SPIRA,

        Defendants.
-------------------------------------------------------------X

      Defendants, Diana Spira 2005 Irrevocable Life Insurance Trust, Aaron Azrylewitz, as Trustee, and Simon Spira, as and for their answer to plaintiff's complaint, by their attorneys Schindel, Farman, Lipsius, Gardner & Rabinovich LLP, allege as follows:

   1. Paragraph 1 does not contain a factual allegation and therefore does not require an admission or denial.  To the extent an admission or denial is required, the allegations contained in paragraph 1 of the complaint are denied.

   2. Deny each and every allegation contained in paragraph 2 of the complaint except admit that each policy was issued in the amount of $5 million.

   3. Deny each and every allegation contained in paragraph 3 of the complaint.

   4. Deny each and every allegation contained in paragraph 4 of the complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6. Deny knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7. Deny each and every allegation contained in paragraph 7 of the complaint.

8. Admit the allegations contained in paragraph 8 of the complaint.

9. Deny each and every allegation contained in paragraph 9 of the complaint except admit that venue lies within this district.

10. Deny knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11. Admit the allegations contained in paragraph 11 of the complaint.

12. Admit the allegations contained in paragraph 12 of the complaint.

13. Admit the allegations contained in paragraph 13 of the complaint.

14. Deny each and every allegation contained in paragraph 14 of the complaint.

15. Deny each and every allegation contained in paragraph 15 of the complaint.

16. Deny each and every allegation contained in paragraph 16 of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the complaint.

21. Deny each and every allegations contained in paragraph 21 of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the complaint.

24. Deny each and every allegation contained in paragraph 24 of the complaint.

25. Deny each and every allegation contained in paragraph 25 of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the complaint.

27. Admit the allegations contained in paragraph 27 of the complaint.

28. Admit the allegations contained in paragraph 28 of the complaint.

29. Admit the allegations contained in paragraph 29 of the complaint.

30. Admit the allegations contained in paragraph 30 of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the complaint..

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the complaint.

35. Deny each and every allegation contained in paragraph 35 of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the complaint.

37. Deny each and every allegation contained in paragraph 37 of the complaint.

38. Deny each and every allegation contained in paragraph 38 of the complaint.

39. Deny each and every allegation contained in paragraph 39 of the complaint.

40. Deny each and every allegation contained in paragraph 40 of the complaint.

## **AS TO COUNT I**

41. Answering defendants repeat and reiterate their answers to paragraphs 1 through 40 of the complaint as if the same were set forth at length herein.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the complaint.

47. Deny each and every allegation contained in paragraph 47 of the complaint.

48. Deny each and every allegation contained in paragraph 48 of the complaint.

49. Deny each and every allegation contained in paragraph 49 of the complaint.

50. Deny each and every allegation contained in paragraph 50 of the complaint.

51. Deny each and every allegation contained in paragraph 51 of the complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the complaint.

53. Deny each and every allegation contained in paragraph 53 of the complaint.

## AS TO COUNTY II

54. Answering defendants repeat and reiterate their answers to paragraphs 1 through 53 of the complaint as if the same were set forth at length herein.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the complaint.

57. Deny each and every allegation contained in paragraph 57 of the complaint.

58. Deny each and every allegation contained in paragraph 58 of the complaint.

59. Deny each and every allegation contained in paragraph 59 of the complaint.

60. Deny each and every allegation contained in paragraph 60 of the complaint.

61. Deny each and every allegation contained in paragraph 61 of the complaint.

## AS TO COUNT III

62. Answering defendants repeat and reiterate their answers to paragraphs 1 through 61 of the complaint as if the same were set forth at length herein.

63. Admit the allegations contained in paragraph 63 of the complaint.

64. Paragraph 64 does not contain a factual allegation and therefore is neither admitted nor denied.  To the extent an admission or denial is required, the allegations are denied.

65. Admit the allegations contained in paragraph 65 of the complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff has not pleaded fraud with specificity.

### AS AND FOR A THIRD AFIRMATIVE DEFENSE

Plaintiff has wrongfully rescinded the Policies.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff has breached its duty of good faith.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff has willfully and/or knowingly engaged in deceptive and/or unfair settlement practices, in violation of New York General Business law § 349.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Any discrepancies that may exist on the application were immaterial.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Any allegations made by plaintiff as to material misrepresentations on the application, to which defendant denies, were made by plaintiff's own agents.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is prohibited from rescinding the policies pursuant to N.Y. Ins. Law and state statutes, codes and regulations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from rescinding the policies because long before attempting to rescind the Policies, plaintiff had in its possession the information that it now claims permits it to rescind the Policies.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff has waived the right to rescind the policies.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has asserted a claim in equity which is barred because plaintiff does not have "clean hands."

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to properly tender the premium, plus interest, and therefore is estopped from rescission.

**WHEREFORE,** defendants respectfully request that plaintiff's complaint be dismissed in its entirety and awarding defendants the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       September 25, 2008

                                          SCHINDEL, FARMAN, LIPSIUS,
                                        GARDNER & RABINOVICH LLP
                                        Attorneys for Defendants
                                        Diana Spira 2005 Irrevocable Life
                                        Insurance Trust, Aaron Azrylewitz,
                                        as Trustee, and Simon Spira

                        By: _____
                                        Ira S. Lipsius (IL 5704)

TO:   Robert P. Lesko, Esq.
      WILSON ELSER MOSKOWITZ
      EDELMAN & DICKER LLP
      Attorneys for Plaintiff
      33 Washington Street
      Newark, NJ 07102
      (973) 624-0800