LIPSIUS-BENHAIM LAW, LLP
14 Penn Plaza, Suite 500
New York, New York 10122
212-981-8440
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AMERICAN GENERAL LIFE INSURANCE             Civil Action No.
COMPANY,                                    08-Civ-6843

               Plaintiff.

   -against-

DIANA SPIRA 2005 IRREVOCABLE LIFE
INSURANCE TRUST, AARON AZRYLEWITZ,
as Trustee, and SIMON SPIRA,

               Defendants.
-----------------------------------------------------------------X


DEFENDANTS' MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

## **TABLE OF CONTENTS**

    **Page**

TABLE OF AUTHORITIES………………………………………………………….. ii

PRELIMINARY STATEMENT …………………………………………………….. 1

ARGUMENT

    I.    SPIRA PROPERLY DENIED THE REQUESTS
        FOR ADMISSION……………………………………………………….. 3

    II.   DISCOVERY IN THIS MATTER PROVED THE
        ADMISSIONS TO CONTAIN FALSE INFORMATION…………… 5

    III.  THIS COURT ALREADY DENIED THIS EXACT
        APPLICATION…………………………………………………………… 6

CONCLUSION…………………………………………………………………….. 8

# TABLE OF AUTHORITIES

<u>**Page**</u>

**Cases**

*ASEA, Inc. v. Southern Pacific Transportation, Inc.*
669 F.2d 1242 (9th Cir. 1981). .................................................................................... 4

*Continental Casualty Co. v. Brummel*
112 F.R.D. 77 (D. Colo. 1986); ................................................................................... 4

*Harris v. Oil Reclaiming Co.*
190 F.R.D. 674, 677 (D. Kan. 1999) ........................................................................... 4

**Rules**

F.R.C.P. 36 ................................................................................................................... 3

**Treatises**

4A Moore, Federal Practice 36.06 (2d ed. 1984) ........................................................ 4

## PRELIMINARY STATEMENT

Defendant, Simon Spira, through his heirs and next of kin, respectfully submits this memorandum of law in opposition to the motion by American General Life Insurance Company's ("AIG") motion to strike his responses to the Request to Admit. This motion has already been previously denied by the court on August 27, 2010. Apparently dissatisfied with this Court's earlier decision, AIG simply filed the same motion. As AIG watches its case against defendants unravel by the facts, it seeks to avoid the facts learned in discovery and replace them with the fantasy it drafted in its Request for Admissions without any legal justification. The motion is wholly without legal support.

This motion should also be denied as it is presented upon missing, misleading and severely contorted facts. AIG omits many key facts in the procedural history of its repeated requests to strike the answers to the admissions, including an August 4, 2011 amended affirmation which addressed all of AIG's concerns and which is not even mentioned by AIG in the motion.

On or about January 7, 2010, AIG served 95 requests for admissions upon counsel for Spira. On or about February 9, 2010, counsel for Spira served the responses, which were comprehensive and responsive. Spira admitted to 13 of the requests, denied 76 of them and was unable to answer, after reasonable inquiry, only 6 of the requests. On April 20, 2010, Simon Spira appeared for his deposition during which AIG had the opportunity to ask Mr. Spira about any of the facts listed in the Request for Admissions. Indeed, AIG explored every fact and exhausted every avenue probing the 88 year old Mr. Spira for over five hours during the deposition. As a result of the Simon Spira deposition and other discovery obtained during this action, AIG learned that many of the "facts" listed in its Request for Admissions are indeed not

true. It is entirely disingenuous for AIG to seek the admission of facts its now knows are not true. On May 17, 2010, AIG moved this Court to strike the Responses to Admissions based on the fact that Simon Spira denied at his deposition seeing the responses. On August 27, 2010, this Court denied the motion in its entirety. After counsel for AIG pressed the issue, counsel for Spira offered to submit an affirmation detailing the method by which Spira ratified the responses. The Court ordered as follows:

```
		THE COURT: All right. Here's what I'm going to do.
16		Put in that affidavit with all the details --
17		MR. LIPSIUS: Okay.
18		THE COURT: -- of how this happened. And I think you
19		just said it, but if they weren't gone over individually, just
20		explain how they were gone over.
21		MR. LIPSIUS: Certainly.
22		THE COURT: I will give plaintiff leave to seek
23		reconsideration of this ruling, **based on the affidavit or**
24		**anything else that comes to light that indicates I should**
25		**change my ruling.** But at this point, I will let the denials
1		stand – (emphasis supplied)
```

On January 7, 2011, counsel for Spira sent such an affirmation. On May 5, 2011 counsel for AIG complained to this Court that the affirmation was insufficient. AIG completely omits the fact that on August 4, 2011, counsel for Spira submitted an amended affirmation and wrote to AIG's counsel as follows:

> Counselors:
>
> Attached, please find my affirmation concerning the ratification of the responses to admissions by Simon Spira. I reviewed your letter dated 5/5/11 to understand what it is that you felt should have been included in the affirmation but was not. To the best of my understanding, your complaints were that (1) the affirmation was not sworn to in an affidavit and that (2) it did not indicate whether each and every response was read to and understood by Simon Spira. It has long been held that an affirmation made under the penalty of perjury suffices in the place of an oath. (see, e.g., FRCP 43(b)). Moreover, paragraph 8 of the affirmation stated that "on July 18, 2010 each of the responses to admissions" was ratified by Simon Spira. In any event, in order to satisfy your concern I amended paragraph 8 to make it clear that each request and response was read to and understood by Simon Spira. If there are any other concerns that you feel I have not addressed, kindly let me know. Otherwise, I will assume that the attached affirmation meets the requirements set forth in Judge Yanthis' order.

2

A copy of the email and affidavit are attached as Exhibit A.

AIG's counsel never responded to this email. Instead, on October 14, 2011, AIG filed the present motion which seeks to reargue the motion that was already denied not because of anything contained in the affidavit or anything else that has come to light but simply because it was unsatisfied with the Court's disposition of the issue.

The present motion is entirely unsupported by the underlying facts, the procedural history of this matter and the law and, as such, it is without any merit and should be denied in its entirety.

## ARGUMENT

### I. SPIRA PROPERLY DENIED THE REQUESTS FOR ADMISSION

AIG does not complain that the responses to the requests were insufficient, false or incomplete, but rather, it claims that the responses are somehow invalid despite being timely and complete. AIG does not identify a single request that was not answered properly but claims that responses should be stricken because Simon Spira did not review them in advance. AIG's argument completely fails on both the facts and the law.

Firstly, AIG does not cite any legal support for its claim that an attorney is unqualified to respond to Requests for Admission on behalf of a client. It is respectfully submitted that there is nothing in the case law or the rule that prevents an attorney from submitting the responses on behalf of a client. In fact, Rule 36 was amended in 1970 specifically in order to remove the provision that the party itself had to sign the responses and instead allowed the attorney to respond on behalf of the client. (Notes of Advisory Committee on 1970 amendments…Note to Subdivision (a) "The requirement that the answer to a request for admission be sworn is deleted, in favor of a provision that the answer be signed by the party or by his attorney.") AIG brings

3

this motion without any legal basis whatsoever, on a rule that it invented. AIG's self-serving invented rule that an attorney cannot respond on behalf of the client is not only unsupported by any rule or law, it is completely illogical. An attorney is permitted to represent her client in any matter during litigation, including during discovery.

Not only were the responses complete and timely, "[a]nswers to a request for admission are not subject to a motion to strike. An answer to a request for admission is not subject to a motion to strike or a motion to compel. 4A Moore, Federal Practice 36.06 (2d ed. 1984); see also *ASEA, Inc. v. Southern Pacific Transportation, Inc.*, 669 F.2d 1242 (9th Cir. 1981). There is nothing in the rule which authorizes a court to strike a response." *Continental Casualty Co. v. Brummel*, 112 F.R.D. 77, 81 (D. Colo. 1986); See, also, *Harris v. Oil Reclaiming Co.*, 190 F.R.D. 674, 677 (D. Kan. 1999) ("Rule 36 does not allow a court to strike a response to a request for admissions.") There is simply no legal basis to grant this motion.

Moreover, Simon Spira ratified the responses as detailed in the affidavit of David BenHaim, dated August 4, 2011. AIG presents this Court with an incomplete story and completely omits the fact that an amended affirmation was submitted on August 4, 2011 which specified that Spira reviewed each and every response and ratified the same, exactly as this Court ordered. Together with the affirmation, counsel for Spira advised, in pertinent part,

> I reviewed your letter dated 5/5/11 to understand what it is that you felt should have been included in the affirmation but was not. To the best of my understanding, your complaints were that...it did not indicate whether each and every response was read to and understood by Simon Spira...in order to satisfy your concern I amended paragraph 8 to make it clear that each request and response was read to and understood by Simon Spira. If there are any other concerns that you feel I have not addressed, kindly let me know. Otherwise, I will assume that the attached affirmation meets the requirements set forth in Judge Yanthis' order.

Counsel for American General never responded to this email.

4

Since Spira properly and timely responded to the requests, this baseless motion should be denied.

## II. DISCOVERY IN THIS MATTER PROVED THE ADMISSIONS TO CONTAIN FALSE INFORMATION

Not only were the responses sufficient and timely, AIG's requests are in clear contradiction to the facts learned during discovery. While it can be argued that at the time AIG served the Requests for Admission it was not yet aware of the actual facts in this case and it was therefore justified in serving requests that contained false information, there is no justification for its request at this stage to deem admitted facts that it knows are not true. For example, the first 25 requests reference Flexible Adjustable Life Policy U10033652L, a policy which has absolutely nothing to do with anything at issue in this litigation[1] and request that Spira admit making all sorts of representations concerning that policy. Requests 65-69 request that Simon and his wife Diana admit that they did not own any diamonds or have any assets other than the home they lived in at the time the policies at issue here were applied for. Yet, discovery in this action, including the deposition testimony of Simon and his children and grandchildren,[2] has disclosed that Simon and Diana had gold and diamonds valued at hundreds of thousands of dollars at the time the policies were issued.

In discovery, it was also disclosed that notwithstanding the representations on the application, during the underwriting process, Simon Spira informed AIG that Diana's income was limited to the social security received and the net worth he shared with Diana was limited to only $1.2 million. (A copy of the report generated from the telephone conversation is attached as Exhibit B.) AIG ignored the clear contradiction between the representations allegedly made by

---

[1] The policies at issue in this action are UM0045350L and UM0030846L.

[2] AIG has taken nine depositions but has yet to produce a single witness.

5

Simon Spira in the application and the ones made by Simon Spira during the telephone interview, a clear indication that AIG was not at all concerned about the insured's financial condition and that the insured's financial condition was not material to the risk assumed by AIG which was how long Diana Spira was going to live.

As AIG watches its claims unravel by verities, it makes this desperate attempt to replace the facts with a fantasy it drew up in its Request for Admissions which it knows to be untrue and without any legal basis to do so.

### III. THIS COURT ALREADY DENIED THIS EXACT APPLICATION

Not only is the motion wholly without factual or legal basis, it was already rejected by this court. AIG first brought this motion in May 2010. In August, 2010, this Court heard oral argument on the motion and on August 2, 2011, this Court entered an order which provided, in relevant part:

> **And it is further ORDERED that within ten (10) days of the entry of this Order:**
>
> - Defense counsel will provide a detailed affidavit concerning the circumstances surrounding Simon Spira's review and ratification of the responses to American General's Requests for Admission; (see Transcript,18:1-25)
>
> - American General's motion to strike Simon Spira's responses to the request for admissions is denied without prejudice. American General may seek reconsideration of this ruling based on the affidavit of counsel, described below, or anything else that comes to light that indicates that the ruling should be changed. (see Transcript, 21:22 – 22:5)

On August 4, 2011 counsel for Spira provided the affirmation ordered on August 2, 2011, which AIG fails to supply. Counsel also wrote, "If there are any other concerns that you feel I have not addressed, kindly let me know. Otherwise, I will assume that the attached affirmation meets the requirements set forth in Judge Yanthis' order." AIG's counsel never responded and

6

instead brought the motion again; not based on the affidavit or anything else that has come to light but simply because it was not satisfied with Judge Yanthis' decision denying the motion.

AIG argues in its memorandum of law (p. 6) that "In any event, they are best asked of Spira, but he is dead. His death deprived American General of the opportunity to explore these details and thereby secure the evidence necessary to prove its claims." But this argument fails to acknowledge that (1) AIG indeed deposed Simon Spira after his Responses to Admission were interposed and thoroughly interrogated Mr. Spira on each of the "facts" listed in the request for admissions and (2) Judge Yanthis denied the motion *after* Spira passed away. Simon's passing was not an event that has come to light after the ruling as AIG claims.

When the Court denied the present motion the first time it was brought, the Court was well aware of the fact that Simon passed away but issued its ruling anyway. Although the Court allowed AIG to bring this motion should new facts come to light, AIG is not bringing the present motion upon any facts learned since Judge Yanthis issued the Court's decision but is simply arguing why the Court's decision was wrong. It is respectfully submitted that in doing so, American General has abused this court's ruling.

It should not go unnoticed by this court that there are currently two letter motions pending before this court concerning AIG's gross failures in discovery including its refusal to even conduct a search for relevant communications contained in emails (Exhibit C) and its refusal to produce evidence of its past behavior concerning similar risks[3] (Exhibit D). The present motion, which is not grounded upon any facts and is wholly unsupported by the law is simply an attempt to divert the court's attention from AIG's gross and willful refusal to be forthcoming in discovery.

---

[3] In addition, although defendants have produced 9 witnesses for depositions, American General, to date, has not produced even one. American General's counsel is cooperating with defendants' counsel in scheduling depositions.

7

## CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that the motion to deem admitted the "facts" set forth in AIG's Request for Admissions should be denied in its entirety.

Dated: New York, New York
       November 1, 2011

LIPSIUS-BENHAIM LAW, LLP
Attorneys for Defendants

By: _____
David BenHaim
14 Penn Plaza, Suite 500
New York, New York 10122
212-981-8440
