**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Robert P. Lesko (RPL 1553)
200 Campus Drive
Florham Park, New Jersey 07932-0668
973) 624-0800 ph.
(973) 624-08008 fx.
Attorneys for Plaintiff,
American General Life Insurance Company

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY | : UNITED STATES DISTRICT COURT<br>: FOR THE SOUTHERN DISTRICT OF NEW YORK |
| Plaintiff, | : Civil Action No: 7:08-CV-06843(VB)(GAY) |
| vs. | : |
| DIANA SPIRA 2005 IRREVOCABLE LIFE INSURANCE TRUST, AARON AZRYLEWITZ, as Trustee, and SIMON SPIRA | : |
| Defendants. | : |

---

**AMERICAN GENERAL LIFE INSURANCE COMPANY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DEEM ADMITTED THE FACTS SET FORTH IN THE REQUESTS FOR ADMISSIONS DIRECTED TO DEFENDANT SIMON SPIRA**

---

11/7/2011
1281719.1

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION .......................................................................................................................... 1

LEGAL ARGUMENT .................................................................................................................... 2

  I. SPIRA'S RESPONSES TO AMERICAN GENERAL'S REQUESTS FOR ADMISSIONS FAIL TO COMPLY WITH RULE 36 BECAUSE HE DID NOT PROVIDE THE RESPONSES TO THE REQUESTS NOR DID HE PERSONALLY REVIEW OR RATIFY THE RESPONSES ............................ 2

  II. THE PROCEDURAL DEFECTS IN SPIRA'S RESPONSES TO THE REQUESTS FOR ADMISSIONS REQUIRE THAT THE FACTS BE DEEMED ADMITTED .............................................................................................. 4

  III. AMERICAN GENERAL'S MOTION IS PROPERLY BEFORE THE COURT ....................................................................................................................... 6

CONCLUSION ................................................................................................................................ 8

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Herrera v. Scully*, 143 F.R.D. 545 (S.D.NY. 1992) ............................................................... 2

**Rules**

Local Civil Rule 12.1 ..................................................................................................... 4

Fed. R. Civ. P. 36 .................................................................................................. 1, 2, 3

## INTRODUCTION

By his own admission, defendant Simon Spira ("Spira") did not provide the responses to American General Life Insurance Company ("American General")'s Requests for Admissions. His attorneys have been since unable to affirm that Spira actually read each request for admission or had it read to him; nor have they been to affirm sufficient facts to reliably establish that Spira otherwise ratified the responses.

Only Simon Spira possessed the first-hand personal knowledge necessary to admit or deny the statements. And now he is dead. Spira's complete and obvious lack of involvement or input in the responses mandates that they be stricken as a matter of fundamental fairness, and the facts set forth therein be deemed admitted.

To allow the responses to the Requests to stand is antithetical to the purpose of Rule 36, and would result in significant prejudice to American General. Spira is now deceased, rendering it impossible for American General or this Court to confirm the validity of the responses he supposedly reviewed and ratified, and which are now offered on his behalf. In order to protect against abuse of Rule 36 and to prevent considerable prejudice to American General through no fault of its own, the facts set forth in the Requests must be deemed admitted.

## LEGAL ARGUMENT

I. **SPIRA'S RESPONSES TO AMERICAN GENERAL'S REQUESTS FOR ADMISSIONS FAIL TO COMPLY WITH RULE 36 BECAUSE HE DID NOT PROVIDE THE RESPONSES TO THE REQUESTS NOR DID HE PERSONALLY REVIEW OR RATIFY THE RESPONSES**

The facts set forth in the Requests for Admissions directed to Spira should be deemed admitted, not because his attorney prepared them for Spira's review, but because Spira never reviewed the Requests for Admissions, never furnished or reviewed any response to any of the Requests, and did not otherwise approve, ratify or authorize any response.

Rule 36 requires that responses to requests for admission be made in good faith and that the party make a reasonable inquiry to determine his ability to admit or deny. *See Herrera v. Scully*, 143 F.R.D. 545, 548 (S.D.NY. 1992). As the record clearly shows, Spira's responses to American General's Requests for Admissions were not his own, but rather responses prepared by his attorneys without any input from Spira as to what a truthful response may be. Therefore, they were not made in good faith because no reasonable inquiry was made, either by Spira or his counsel.

At his court-ordered deposition on April 20, 2010, Spira testified that he had never seen the Requests for Admissions served by American General nor had ever seen the responses. He further admitted that he had never provided any answers to the Requests for Admissions nor did anyone ever ask him either in person or by telephone the questions set forth in the Requests. (*See* Transcript of Simon Spira, Von Bevern Decl., Exhibit 4 at 11:22 – 146:25). No inquiry was made of Spira as to whether he could

11/7/2011
1281719.1

admit or deny the Requests for Admissions in clear contravention of the requirements of Rule 36.

The affirmations submitted by Spira's counsel do nothing to cure the defects in the responses to the Requests for Admissions.[1] Neither of the affirmations submitted by defense counsel on January 17, 2011 nor on August 4, 2011 is made with personal knowledge surrounding the circumstances of defendant Spira's purported review and ratification of the responses subsequent to his deposition. The only actual difference between the two affirmations is the last paragraph, wherein counsel for defendants now summarily states that "Simon Spira understood each request and each response." (*Compare* Affirmation of David BenHaim, dated January 7, 2011, Von Bevern, Decl., Exhibit 9 and Affirmation of David BenHaim, Exhibit A to Defendants' Opposition). It is evident from a review of either affirmation that the affirmant David BenHaim, Esq. has no personal knowledge of any of the circumstances discussed in the affirmation. This lack of personal knowledge makes these affirmations and its statements not only

---

[1] Defendants claim that the revised affirmation submitted by David BenHaim, Esq. on August 4, 2011 cured the deficiencies of the January 17, 2011 affirmation because counsel for American General never responded to counsel's email attaching the August 4, 2011 affirmation. American General's position as to the responses to the Requests for Admissions and what was required from counsel by way of an affidavit in order to allay its concerns that Spira reviewed and ratified the responses has been clear since learning that Spira never saw the Requests or furnished any responses at his deposition in April 2010. None of the affirmations submitted by Mr. BenHaim address any of the concerns American General has with the responses or comply with the Court's order at the August 27, 2010 status conference. The Court directed Spira's counsel to provide a detailed affidavit detailing the circumstances surrounding Spira's review and ratification of the responses to the Requests for Admissions. Spira's counsel was aware of this directive; American General was under no obligation to respond to counsel's email again advising that the affirmation remained defective. This motion is American General's response.

11/7/2011
1281719.1

3

unreliable, but inadmissible hearsay.[2] No competent first hand source of information has been produced by defendants to confirm that Spira ever reviewed or ratified the responses. The affirmations merely affirm what counsel was purportedly told by his partner and certain unidentified Spira family members. Mr. BenHaim has no personal knowledge and is therefore not qualified to make these affirmations.

## II. THE PROCEDURAL DEFECTS IN SPIRA'S RESPONSES TO THE REQUESTS FOR ADMISSIONS REQUIRE THAT THE FACTS BE DEEMED ADMITTED

The content of American General's Requests for Admissions and whether such content has been proved or disproved during the course of discovery is not at issue before this Court. The issue is whether the substantial procedural defects surrounding defendant Spira's responses to the Requests for Admissions warrants the Court to strike his responses and deem the facts set forth in the Requests for Admissions admitted.

Without this relief, American General would be significantly prejudiced. By his own admission, the responses to the Requests were not defendant Spira's. Now, however, after his death, American General is supposed to take comfort in an unsworn affirmation utterly lacking in detail and submitted by an affirmant lacking any personal knowledge that two days prior to his death, some unidentified individual read each and every one of the ninety-five requests and responses to Spira, he understood each and every request and response, and confirmed that each and every response was correct. Not only is the affirmation utterly unreliable but neither American General nor the Court has

---

[2]  See Southern District of New York Local Civil Rule ("An affidavit is a sworn statement of fact based on personal knowledge stating facts that would be admissible in evidence at trial.") LCR 12.1.
11/7/2011
1281719.1

4

means to test the veracity of the representations made in the affirmations surrounding this supposed review and ratification.

American General should not be penalized for Spira's blatant discovery abuses. Throughout the course of this litigation, American General has sought to enforce its right to take discovery from Spira, most of which was ignored. Spira never responded to American General's interrogatories or document requests; it finally took a court order threatening contempt to finally compel Spira to appear for a deposition. Spira's counsel laudably attempted to protect their client from himself by providing responses to the Requests within the timeframe provided by the Federal Rules of Civil Procedure; however, those responses were not Spira's. Counsel's answers are not a substitute for a party's own discovery obligations.

The ex post facto hearsay affirmations of counsel do nothing to comfort American General that Spira had any involvement or ever reviewed or ratified the responses. Not only because of the deficiencies in the affirmations, but because of Spira's history of discovery dereliction throughout this litigation. The only appropriate course of action is striking Spira's responses and deeming the facts set forth in the Requests admitted.

11/7/2011
1281719.1

5

## III. AMERICAN GENERAL'S MOTION IS PROPERLY BEFORE THE COURT[3]

American General's Motion to Deem admitted the Facts set forth in the Requests for Admissions directed to defendant Spira is properly made and in full compliance with this Court's previous orders. American General's application is based on new information that was not previously before the Court on the status conference on August 27, 2010; namely, the affirmations of defense counsel purportedly setting forth the circumstances of Spira's review and ratification, which this Court ordered as a condition of its decision to decline American General's oral motion regarding the Requests for Admissions.

At the August 27, 2010 conference in this case, as further set forth in the Court's Order of August 2, 2011, the Court ordered defense counsel to "provide a detailed affidavit concerning the circumstances surrounding Simon Spira's review and ratification of the responses to American General's Requests for Admissions. (*See* Transcript of Proceeding, Von Bevern Decl., Exhibit 6, at 18:1-25; Order, Von Bevern Dec., Exhibit 12). The Court further expressly ordered that American General could renew its motion to strike Defendant Spira's response to the requests, "based on the affidavit of counsel, described below, or anything else that comes to light that indicates that the ruling should

---

[3] In a last ditch effort to distract from the realities of the present motion, defendants also attempt to divert the Court's attention by pointing out other discovery disputes currently pending before the Court that are completely unrelated and irrelevant to the motion at issue. The facts of this motion are based on defendant Spira's purported review and ratification of the responses to American General's Requests for Admissions; any other pending discovery motions are separate and distinct.

11/7/2011
1281719.1

be changed." (*See* Transcript of Proceeding, Von Bevern Decl., Exhibit 6 at 21:22- 22:5; Order, Von Bevern Dec., Exhibit 12). In short, the Court ordered defense counsel to produce a detailed affidavit surrounding the circumstances of Spira's purported review and ratification and allowed American General to seek an order striking defendant Spira's responses based on that affidavit <u>or</u> any new other facts that came to light.

Unlike defendants, American General has complied with the Court's Order. American General waited for defense counsel to furnish a detailed affidavit outlining the circumstances of Simon Spira's review and ratification of the responses to the Requests. That affidavit never came. Instead, American General received two affirmations almost exactly the same, save for the insertion of the conclusory phrase "Simon Spira understood each request and each response." Both affirmations are broad, generalized, devoid of any detail, and affirmed by an individual with no personal knowledge of the circumstances discussed in the affirmations. Based on these "affirmations," American General now asks this Court to strike defendant Spira's responses to the Requests for Admissions and deem the facts set forth in the responses admitted.

## CONCLUSION

For all of the reasons outlined above and its Memorandum of Law in Support, American General respectfully submits that this Court deem admitted the facts set forth in the Requests for Admission directed to defendant Simon Spira.

        Respectfully submitted,

        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

        */s/ Robert P. Lesko*
        Robert P. Lesko

11/7/2011
1281719.1

8